# EXHIBIT A

No. _22A00338_____

Date Summons Issued and Filed

_1/27/2022_

_/s/ Monica Gay_

_____

Deputy Clerk

Deposit Paid $ _____

[] ANSWER

[] JURY

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

_Sandy  Nguyen_
_3344  Peachtree  Rd  NE  Suite  800_
(Plaintiff's name and address)
_Atlanta, GA 30326_

vs.

_H&M Hennes & Mauritz GBC AB LLC_
_C/o  Corporation  Service  Company_
_2  Sun  Court  Suite  400_
(Defendant's name and address)
_Peachtree  Corners, GA  30092_

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

**Karell Trial Attorneys, L.L.C.**
**3344 Peachtree Road NE**       (Name)
**Suite 800**
**Atlanta, GA 30326**          (Address)
**(678) 999-3331**           _892938_
         (Phone Number)         (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney                        Third Party Attorney

_____                  _____

_____                  _____

Address                                Address

_____                  _____

Phone No.        Georgia Bar No.         Phone No.        Georgia Bar No.

**TYPE OF SUIT**

☐ Account      ☐ Personal Injury       Principal    $ _____
☐ Contract     ☐ Medical Malpractice
☐ Note         ☐ Legal Malpractice     Interest     $ _____
☐ Trover       ☐ Product Liability
               ☐ Other                 Atty Fees    $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

No. 22A00338
_____

Date Summons Issued and Filed
1/27/2022
_____

/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

[ ]   ANSWER

[ ]   JURY

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

SUMMONS

Sandy Hayes
3341 Peachtree Road NF Suite 800
Atlanta, GA 30326
(Plaintiff's name and address)

vs.

Keith Dent
5522 Shirevick Lane
Lithonia, GA 30058
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

**Karell Trial Attorneys, L.L.C.**
**3344 Peachtree Road NE**
**Suite 800**                           (Name)
**Atlanta, GA 30326**
**(678) 999-3331**                      (Address)
                                        892930
_____
(Phone Number)                          (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney                    Third Party Attorney
_____                       _____

_____                       _____

Address                                 Address
_____                       _____

Phone No.        Georgia Bar No.        Phone No.        Georgia Bar No.

**TYPE OF SUIT**

□ Account       □ Personal Injury           Principal    $ _____
□ Contract      □ Medical Malpractice
□ Note          □ Legal Malpractice         Interest     $ _____
□ Trover        □ Product Liability
                □ Other                     Atty Fees    $ _____

□ Transferred From _____

(Attach BLUE to Original and WHITE to Service Copy of complaint)

summons1-2008rev

STATE COURT OF
DEKALB COUNTY, GA.
1/27/2022 3:55 PM
E-FILED
BY: Monica Gay

No. _22A00338_____

Date Summons Issued and Filed
_1/27/2022_____
/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

[ ]   ANSWER

[ ]   JURY

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

Sandy Nshyfn
3344 Peachtree Rd NE Suite 800
Atlanta, GA 30326
(Plaintiff's name and address)

vs.

Harm Hennes & Mauritz, LP
c/o Corporation Service Company
2 Sun Court, Suite 400, Peachtree Corners, GA
(Defendant's name and address)
30092

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

**Karell Trial Attorneys, L.L.C.**
**3344 Peachtree Road NE**
**Suite 800** _____(Name)
**Atlanta, GA 30326** _____(Address)
**(678) 559-3331** _____892930
(Phone Number) _____(Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney _____

_____

_____

Address _____

Phone No. _____ Georgia Bar No. _____

Third Party Attorney _____

_____

_____

Address _____

Phone No. _____ Georgia Bar No. _____

**TYPE OF SUIT**

☐ Account
☐ Contract
☐ Note
☐ Trover

☐ Personal Injury
☐ Medical Malpractice
☐ Legal Malpractice
☐ Product Liability
☐ Other

Principal    $ _____

Interest     $ _____

Atty Fees    $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SANDY NGUYEN, | * | |
| | * | CIVIL ACTION FILE |
| Plaintiff, | * | NO. 22A00338 |
| | * | (SERVED WITH DISCOVERY) |
| vs. | * | |
| | * | |
| H & M HENNES & MAURITZ, LP, | * | |
| H & M HENNES & MAURITZ GBC AB, LLC | * | |
| KEITH DENT ABC CORP. 1-3, and | * | |
| JOHN DOES 1-5, | * | |
| | * | |
| Defendants. | * | **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW, Sandy Nguyen ("Plaintiff"), and files this Complaint for damages against H & M Hennes & Mauritz, LP, H&M Hennes & Mauritz, GBC AB LLC, Keith Dent (hereinafter collectively referred to as "Defendants"), ABC Corp. 1-3 and John Does 1-5 and shows this Court the following facts and circumstances in support of this Complaint:

## I. PARTIES & JURISDICTION

1.

The Defendant, H & M Hennes & Mauritz, LP is subject to the jurisdiction of this Court and, pursuant to O.C.G.A. § 9-11-4(e)(1), can be served with a Summons and Complaint for Personal Injuries, Request for Admissions, Request for Interrogatories, and Request for Production of Documents by delivery of the same to its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

2.

The Defendant, H&M Hennes & Mauritz, GBC AB LLC is subject to the jurisdiction of this Court and, pursuant to O.C.G.A. § 9-11-4(e)(1), can be served with a Summons and Complaint for Personal Injuries, Request for Admissions, Request for Interrogatories, and Request for

STATE COURT OF
DEKALB COUNTY, GA.
1/27/2022 3:55 PM
E-FILED
BY: Monica Gay

Production of Documents by delivery of the same to its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3.

Upon information and belief, Defendant Keith Dent is a resident of DeKalb County in the State of Georgia domiciled therein at 5522 Shirewick Lane in Lithonia, Georgia 30058. Service of process may be perfected at same by delivering a copy of the Summons and Complaint to Defendant personally or by leaving same at Defendant's usual place of abode with someone of suitable age and discretion then residing therein.

4.

Defendants, ABC Corp. 1-3, are unidentified and unknown at this time.

5.

Defendants, John Doe 1-5, are unidentified and unknown at this time.

6.

Jurisdiction and Venue are appropriate in this Court as the incident which forms the subject matter of this lawsuit occurred in DeKalb County.

## II. BACKGROUND

7.

At all times relevant, Defendants owned/operated the real property and surrounding approaches at the H&M Store located at 4400 Ashford Dunwoody Road, Suite 1220 in Atlanta, Georgia 30346 (the "Store").

8.

At all times relevant, Defendants were responsible for what occurred on the grounds of the Store.

9.

At all times relevant, Keith Dent was the General Manager for the Store and as General Manager, Defendant Keith Dent had a duty to ensure the premises and approaches were safe.

10.

On December 1, 2020, Plaintiff was an invitee on the premises of the Store. While on the premises of the Store, a large rack holding clothing fell onto the Plaintiff causing her severe injuries.

11.

At all times relevant, Defendants had a duty to ensure the premises and approaches were safe.

12.

Under Georgia law, "where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

13.

Defendants had a non-delegable duty to maintain safe premises to the Plaintiff and breached this duty.

### III. NEGLIGENCE

14.

Defendants had actual and/or constructive knowledge of the hazardous condition of the clothing rack which fell onto Plaintiff.

15.

There were no cones or other warnings in the immediate area of the rack which fell and caused Plaintiff significant injury.

16.

Defendants were negligent in failing to properly inspect rack, in failing to remove the hazardous rack, in failing to take adequate measures to protect invitees from dangerous conditions of the rack, and in failing to keep premises safe for invitees.

17.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where the rack fell onto the Plaintiff were employed by Defendants and were acting within the scope of their employment.

18.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

19.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, maintenance were performed on the premises, and in failing to train employees concerning safety procedures for inspection, cleaning and maintaining the premises.

20.

Defendants were negligent in training and supervising staff.

21.

Plaintiff lacked knowledge of the hazard despite her exercise of ordinary care.

22.

As a direct, sole, and proximate result of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, the Plaintiff:

(a) suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe emotional distress, and loss of the capacity for the enjoyment of life;

(b) has undergone medical treatment, including surgery, and incurred medical costs and expenses in excess of $75,000.00 to alleviate said injuries, pain, and suffering;

(c) has been precluded from engaging in normal activities and pursuits, including the ability to earn money;

(d) has lost wages;

(e) otherwise was hurt, injured, and caused to sustain losses;

(f) all of the Plaintiff's losses were, are, and will be due solely to and by reason of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, without any negligence or want of due care on the Plaintiff's part contributing thereto.

23.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense in requiring the filing of the instant lawsuit. Pursuant to O.C.G.A. § 13-6-11 and 51-12-7, Plaintiff hereby respectfully requests and specifically pleads for recovery of expenses of litigation, interest, penalties, and attorneys' fees as a result of the Defendants' stubbornly litigious and bad faith conduct.

24.

Defendants' actions constitute willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants, as determined by the enlightened conscience of the jury.

25.

Defendants are indebted to Plaintiff for past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; lost wages, expenses of litigation, punitive damages, and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff respectfully demands trial by a fair and impartial jury on all issues and for the following:

(a) That Defendants be found liable for recklessness, carelessness, negligence, and negligence *per se;*

(b) That Plaintiff be awarded an amount for special damages for said recklessness, carelessness, negligence, and negligence *per se* of Defendants, pursuant to O.C.G.A. § 51-12-1 *et seq;*

(c) The Plaintiff be awarded an amount for general damages to be proven at trial for said recklessness, carelessness, negligence, and negligence *per se* of Defendants, pursuant to O.C.G.A. § 51-12-1 *et seq;*

(d) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded an amount for recovery of expenses of litigation, penalties, and attorneys' fees because of the Defendants' stubbornly litigious and bad faith conduct, pursuant to O.C.G.A. § § 13-6-11 and 51-12-7

(f) That Plaintiff be granted a trial by jury;

(g) That Plaintiff be awarded any and all additional relief that this Honorable Court deems just, proper, and reasonable.

*(Signature on Following Page)*

Respectfully submitted, January 27, 2022.

KARELL TRIAL ATTORNEYS, L.L.C.

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

STATE COURT OF
DEKALB COUNTY, GA.
1/27/2022 3:55 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SANDY NGUYEN, | * | |
| | * | **CIVIL ACTION FILE** |
| Plaintiff, | * | **NO.**_____ |
| | * | |
| vs. | * | |
| | * | |
| H & M HENNES & MAURITZ, LP, | * | |
| H & M HENNES & MAURITZ GBC AB, LLC | * | |
| KEITH DENT ABC CORP. 1-3, and | * | |
| JOHN DOES 1-5, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT H & M HENNES & MAURITZ GBC AB, LLC

### I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Admissions and Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Clark R. Karell Jr., Esq., with Karell Trial Attorneys, L.L.C., located at 3344 Peachtree Road, NE, Suite 800, in Atlanta, GA 30326, (678) 999-3331, within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a

prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. <u>INSTRUCTIONS</u>

<u>Objections Based on Privilege</u>. If any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)     The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)     The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)     The type of privilege claimed;

(d)     A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(e)     The number of each specific document request to which the withheld document is responsive; and

(f)     If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession. If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a)     Identify and describe such document by date, title, and type of document;

(b)     State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c)     State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d)     Identify all persons having knowledge of the contents thereof.

Organization of Documents. All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

### III. **DEFINITIONS**

1.     When used herein, the term "identify" when used in connection with individuals, means to

provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group. If the documents has been previously identified fully, it may be identified by name in subsequent responses.

2.      When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3.      When used herein, "Plaintiff" refers to the Plaintiff or Plaintiffs in this action.

4.      As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.      As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.      As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

7.      As used herein, "identify" or "specify," when used in reference to:

(a)     a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b)     in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)     in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant, whether Defendant will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant, what disposition was made of it, and why.

8.     When the identification of documents is requested by these Interrogatories, Defendant may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

## IV. <u>REQUEST FOR ADMISSIONS</u>

### 1.

Please admit that you have been correctly named in the present cause insofar as the legal designation of your name is concerned.

### 2.

Please admit that you have been properly served as a party Defendant.

3.

Please admit that service of process is sufficient with regard to you in this case.

4.

Please admit that the State Court of Dekalb County has jurisdiction over the subject matter of this case.

5.

Please admit that the State Court of Dekalb County has personal jurisdiction over you as a party Defendant in this case.

6.

Please admit that Venue is proper in the State Court of Dekalb County.

7.

Please admit that the Plaintiff states a claim upon which relief can be granted.

8.

Please admit that the Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

Please admit that on December 1, 2020, you owned H&M Store located at 4400 Ashford Dunwoody Road, Suite 1220 in Atlanta, Georgia 30346 (the "Store")

Please admit that on December 1, 2020, you operated the Store.

10.

Please admit that on December 1, 2020, a large rack of clothing fell onto the Plaintiff on the premises of the Store.

11.

Admit there is video surveillance capturing this incident.

12.

Admit there was at least one employee in the area of the Store where the rack fell onto the Plaintiff.

13.

Admit management on the premises was immediately notified of the incident following Plaintiff's fall.

14.

Admit the clothing rack which fell onto Plaintiff was in disrepair.

15.

Admit there were no warning, caution, or safety signs in the vicinity of the location where the clothing rack fell onto Plaintiff at the Store.

16.

Please admit that at least one employee was aware of the existence of the railing in disrepair.

17.

Admit the Plaintiff was physically injured as a result of the subject incident.

18.

Admit this action properly and correctly names the parties to be sued in this case.

## V. REQUEST FOR CONTINUING INTERROGATORIES

1.

Please identify all witnesses known to Defendant who saw, or claim they saw, all or any part of the occurrence complained of in this action.

2.

Please identify all witnesses known to Defendant who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

3.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying the same with sufficient particularity to satisfy a Request for Production of Documents.

4.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

5.

Please identify each person (whether your employee or not) who, by virtue of his/her experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation.

6.

With particularity sufficient to satisfy O.C.G.A. §9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

7.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might ensure to the benefit of Plaintiff here by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to Plaintiff by reason of the incident described in the Complaint.

8.

To your information or belief, has there been any surveillance or taking of photographs of any party? If so, identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such surveillance.

9.

If the response to the previous interrogatory is affirmative, please identify each record, tape, film or other recording of such surveillance or any written document pertaining to such surveillance with sufficient particularity to satisfy a Request for Production of Documents.

10.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name and address of the correct defendant in this action.

11.

If you contend another party was wholly or partially responsible for damages sustained by the Plaintiff, please identify this party.

12.

Please identify any person employed by Defendant who was working at the area where the Plaintiff complained of sustaining trauma-induced injuries on the date of loss or at any time after the date of loss through the date of these interrogatories.

13.

Please identify all persons who are/were responsible for inspecting and maintaining the Stores from six (6) months prior to the date of loss through the date of these interrogatories.

14.

Please identify any and all persons known to Defendant who have complained of injuries during the past five (5) years at or near the location where the Plaintiff complained of having received trauma induced injuries.

15.

In reference to the individuals identified in the previous interrogatory, please state the following:

(a)     The exact location where the individual sustained injury;
(b)     The cause which said individual alleges was responsible for the injury;
(c)     The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, or capacities and present whereabouts of any and all persons having knowledge regarding said incident.

16.

Please identify all written agency, franchise or other agreements between the Defendant and any other entity involving the Stores on which the Plaintiff sustained injury.

17.

Please identify all oral and implied contracts or agreements between Defendant and any other entity involving the Stores. In this context, "identify" means to state precisely the substance of such oral or implied contract or agreement as you contend it to be.

18.

Please identify all advertising literature prepared or distributed by the Defendant in connection with the marketing campaign regarding the subject premises within the past five (5) years.

19.

Please identify all services provided by Defendant or any entity hired by the Defendant in connection with the maintenance of the premises on which the Plaintiff sustained injury.

20.

Please state whether there existed any procedure or program for the regular inspection of the premises, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so, please:

(a)     Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)     State the regularity with which each such procedure or program was to be implemented or conducted, if applicable; and

(c)     Identify all documents relating to such procedure or program and their findings.

21.

Please identify every document, report or memoranda relating to the subject incident or any of the injuries allegedly arising therefrom.

22.

Please identify each person, corporation, firm, association or other entity (including insurance adjusters) that has conducted an investigation to determine any of the facts pertaining to any of the issues in this case; describe the nature of each such investigation; and state which of such investigators, if any, are in your regular employ.

23.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than yourself or your agents and servants? If your answer is yes, please identify the party whom you contend was guilty of such negligence and describe their negligence.

24.

Please state, with respect to the premises where Plaintiff was injured, the following:

(a)     Whether any additions or changes in design or dimension were made to the premises on which the Plaintiff sustained injury from the date of the original construction thereof to the date of these interrogatories, and, if so, the dates and nature of any such changes;

(b)    The identity of the person or entity who made any such subsequent changes; and

(c)    The identity of the person or entity who designed any such subsequent changes.

### 25.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so, please state the date you acquired such knowledge and/or information, what knowledge and/or information you had, and whether any remedial and/or corrective action was taken based upon such knowledge.

### 26.

Please identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

### 27.

Please identify every person who supplied you with information, of whatever nature or description, used by you in answering these interrogatories.

### 28.

Please state whether, in compiling your answers to these interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

29.

Please identify each document which you have withheld from production in response to Plaintiff's First Request for Production of Documents, under any claim of privilege or qualified immunity, including in your response the basis on which each document was withheld.

30.

Please identify the General Manager of the Stores on December 1, 2020.

31.

Please identify the Assistant General Manager of the Stores on December 1, 2020.

## VI. REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and documents, that you identified or were requested to identify in Plaintiff's First Continuing Interrogatories to Defendant, or which otherwise reflect, refer to, evidence, comment upon, or relate in any way to the information requested in Plaintiff's First Continuing Interrogatories to Defendant.

2.

Please produce each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains, or may contain, material or information which is, or may be, relevant to any of the issues involved in this action.

3.

Please produce any and all photographs, drawings, maps or sketches of the scene of the incident which has been made the basis of this action.

4.

Please produce any surveillance photographs, movies or videotapes made of Plaintiff.

5.

Please produce a map of the Stores layout which depicts where all security cameras are placed and indicates what direction each camera is aimed.

6.

Please produce each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

7.

Please produce all documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements.

8.

Please produce each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

9.

Please produce each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

10.

Please produce each and every document relating to any facts or information about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

11.

Please produce all statements previously made by the Plaintiff concerning the subject matter of this action.

12.

Please produce all documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals or other health care providers concerning Plaintiff's condition after the happening of the accident.

13.

Please produce all documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals or other health care providers concerning Plaintiff's condition after the happening of the accident.

14.

Please produce all documents containing any information concerning Plaintiff's condition at any time prior to the happening of the accident.

15.

Please produce any incident report related to the event described in Plaintiff's Complaint.

16.

Please produce all documents containing any information which has been received by you from any doctors, hospitals or other health care providers concerning Plaintiff's condition after the happening of the accident.

17.

Please produce any and all personnel files of employees with knowledge of facts described in Plaintiff's Complaint.

18.

Please produce any and all personnel files and contact information for the assistant manager, manager on duty, and store manager at the time of the incident for the Store.

19.

Please produce any and all documents relating to inspection procedures, sweep logs, temperature checks, and complaints on the date of loss.

20.

Please produce any and all documents or tangible properties in the Defendant's possession, custody or control which support facts relevant to this litigation.

21.

Please produce a certified copy of all insurance agreements, policies, umbrella policies, indemnity agreements, and excess liability policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the above-named action or to indemnity or reimburse for payments made to satisfy the judgment.

22.

Please produce all documents which you have or subsequently receive in response to any O.C.G.A. §9 -11-34 request issues to any non-party in the above styled action.

23.

Please produce a copy of your lease with Perimeter Mall.

Respectfully submitted, January 27, 2022.

KARELL TRIAL ATTORNEYS, L.L.C.

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SANDY NGUYEN,                             *
                                         *          CIVIL ACTION FILE
        Plaintiff,                       *          NO. 22A00338
                                         *
vs.                                      *
                                         *
H & M HENNES & MAURITZ, LP,              *
H & M HENNES & MAURITZ GBC AB, LLC       *
KEITH DENT ABC CORP. 1-3, and            *
JOHN DOES 1-5,                           *
                                         *
        Defendants.                      *

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, that the undersigned counsel of record for the Plaintiff has this day served all parties in the above referenced action with a copy of **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT H & M HENNES & MAURITZ, GBC AB, LLC** by electronically filing and having copies served on the following:

H & M Hennes & Mauritz, LP
(Defendant)
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

H&M Hennes & Mauritz, GBC AB LLC
(Defendant)
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

Keith Dent
(Defendant)
5522 Shirewick Lane
Lithonia, Georgia 30058

*(Signature on Following Page)*

STATE COURT OF
DEKALB COUNTY, GA.
1/27/2022 3:55 PM
E-FILED
BY: Monica Gay

Respectfully submitted, January 27, 2022.

KARELL TRIAL ATTORNEYS, L.L.C.

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SANDY NGUYEN, | * | |
| | * | CIVIL ACTION FILE |
| Plaintiff, | * | NO. 22A00338 |
| | * | |
| vs. | * | |
| | * | |
| H & M HENNES & MAURITZ, LP, | * | |
| H & M HENNES & MAURITZ GBC AB, LLC | * | |
| KEITH DENT ABC CORP. 1-3, and | * | |
| JOHN DOES 1-5, | * | |
| | * | |
| Defendants. | * | |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, that the undersigned counsel of record for the Plaintiff has this day served all parties in the above referenced action with a copy of **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT H & M HENNES & MAURITZ, LP** by electronically filing and having copies served on the following:

H & M Hennes & Mauritz, LP
(Defendant)
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

H&M Hennes & Mauritz, GBC AB LLC
(Defendant)
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

Keith Dent
(Defendant)
5522 Shirewick Lane
Lithonia, Georgia 30058

*(Signature on Following Page)*

STATE COURT OF
DEKALB COUNTY, GA.
1/27/2022 3:55 PM
E-FILED
BY: Monica Gay

Respectfully submitted, January 27, 2022.

KARELL TRIAL ATTORNEYS, L.L.C.

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of  DeKalb _____ County

| For Clerk Use Only | |
|---|---|
| Date Filed  1/27/2022 | Case Number  22A00338 |
| MM-DD-YYYY | |

**Plaintiff(s)**
Nguyen, Sandy

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
H & M Hennes & Mauritz, LP

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

H & M Hennes & Mauritz GBC AB, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Dent, Kieth

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

ABC Corp 1-3 and John Doe 1-5

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney**  Clark R. Karell, Jr.

**Bar Number**  892930          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                  **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☒ Is an interpreter needed in this case? If so, provide the language(s) required.  Vietnamese
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

## STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| DO NOT WRITE IN THIS SPACE |
|---|

Clark R. Karell, Jr.
Karell Trial Attorneys, L.L.C.
3344 Peachtree Road, NE, Suite 800
Atlanta, Georgia 30326
**Attorney or Plaintiff Name and Address**

**CAFN: 22A00338**

Sandy Nguyen                          vs.

H&M Hennes & Mauritz GBC AB LLC
c/o Corporation Service Company
2 Sun Court Suite 400
Peachtree Corners, GA 30092

**Name and Address of PLAINTIFF**                    **Name and Address of DEFENDANT**

## MARSHALL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, GWINNETT COUNTY
I have this day served the defendant(s) _____
_____ personally with a copy of the within action and summons.
This_____day of_____,_____
                                                                    **DEPUTY MARSHAL**

**NOTORIOUS**

GEORGIA, GWINNETT COUNTY
I have this day served the defendant(s) _____
By leaving a copy of the action and summons at his/their most notorious place of abode in said County.
Delivered same in hands of_____, a
_____ described as follows:
Age, about_____years; weight, about_____lbs; height, about_____ft._____in.,
Domiciled at the residence of the defendant(s).
This_____day of_____,_____
                                                                    **DEPUTY MARSHAL**

**CORPORATION**

GEORGIA, GWINNETT COUNTY *H·M Hennes Mauritz __ __ LLC*
Served the defendant_____, a corporation, by leaving a copy
of the within action and summons with _____ in charge of the office and doing
business of said corporation, in Fulton County, Georgia.
This_____day of_____ *M__ __*
                                                                    **DEPUTY MARSHAL**

**BETTER ADDRESS**

GEORGIA, GWINNETT COUNTY
Diligent search made and the defendant(s):
_____
Not to be found in the jurisdiction of said Court for the following reason:
_____
_____

**NON-EST**

Please furnish this office with a new service form with the correct address.
This_____day of_____,_____
                                                                    **DEPUTY MARSHAL**

Case 1:22-cv-00987-JPB   Document 1-1   Filed 03/09/22   Page 35 of 44

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __DeKalb_____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed __1/27/2022__ MM-DD-YYYY | Case Number __22A00338__ | |

**Plaintiff(s)**

Nguyen, Sandy

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

H & M Hennes & Mauritz, LP

H & M Hennes & Mauritz GBC AB, LLC

Dent, Kieth

ABC Corp 1-3 and John Doe 1-5

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney __Clark R. Karell, Jr.__          Bar Number __892930__          Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                                    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☒ Is an interpreter needed in this case? If so, provide the language(s) required. __Vietnamese__
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

STATE COURT OF
DEKALB COUNTY, GA.
1/27/2022 3:55 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SANDY NGUYEN, | * | |
| | * | CIVIL ACTION FILE |
| Plaintiff, | * | NO. 22A00338 |
| | * | |
| vs. | * | |
| | * | |
| H & M HENNES & MAURITZ, LP, | * | |
| H & M HENNES & MAURITZ GBC AB, LLC | * | |
| KEITH DENT ABC CORP. 1-3, and | * | |
| JOHN DOES 1-5, | * | |
| | * | |
| Defendants. | * | |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, that the undersigned counsel of record for the Plaintiff has this day served all parties in the above referenced action with a copy of **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT H & M HENNES & MAURITZ, LP** by electronically filing and having copies served on the following:

H & M Hennes & Mauritz, LP
(Defendant)
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

H&M Hennes & Mauritz, GBC AB LLC
(Defendant)
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

Keith Dent
(Defendant)
5522 Shirewick Lane
Lithonia, Georgia 30058

*(Signature on Following Page)*

STATE COURT OF
DEKALB COUNTY, GA.
1/27/2022 3:55 PM
E-FILED
BY: Monica Gay

Respectfully submitted, January 27, 2022.

**KARELL TRIAL ATTORNEYS, L.L.C.**

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SANDY NGUYEN,                                    *
                                                 *
             Plaintiff,                          *     CIVIL ACTION FILE
                                                 *     NO. 22A00338
                                                 *
vs.                                              *
                                                 *
H & M HENNES & MAURITZ, LP,                      *
H & M HENNES & MAURITZ GBC AB, LLC               *
KEITH DENT ABC CORP. 1-3, and                    *
JOHN DOES 1-5,                                   *
                                                 *
             Defendants.                         *

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, that the undersigned counsel of record for the Plaintiff has this day served all parties in the above referenced action with a copy of **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT H & M HENNES & MAURITZ, GBC AB, LLC** by electronically filing and having copies served on the following:

H & M Hennes & Mauritz, LP
(Defendant)
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

H&M Hennes & Mauritz, GBC AB LLC
(Defendant)
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

Keith Dent
(Defendant)
5522 Shirewick Lane
Lithonia, Georgia 30058

*(Signature on Following Page)*

STATE COURT OF
DEKALB COUNTY, GA.
1/27/2022 3:55 PM
E-FILED
BY: Monica Gay

Respectfully submitted, January 27, 2022.

KARELL TRIAL ATTORNEYS, L.L.C.

*/s/ Clark R. Karell, Jr.*
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law

IN THE _State_ COURT OF DEKALB COUNTY
**STATE OF GEORGIA**

_Sandy Nguyen_
Plaintiff

vs.

Civil Action No. _22A00338_

_Keith N. Dent_
Defendant

### ANSWER

I am Keith Dent caregiver/wife (Benita Dent) and all info. indicated in document is FALSE. Keith is 100% total and permanent disabled since 2012. Keith hasn't worked since 2012 and never worked in DeKalb County. He doesn't own nor operate property surrounding H&M Store at 4400 Ashford Dunwoody Rd.

**CERTIFICATE OF SERVICE**
I certify that I have this day served counsel for the opposing parties in the foregoing matter with a copy of this pleading by hand depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

This _2/22/22_

_Keith Dent_
Defendant / Attorney for Defendant

answer02-2006

_Keith N. Dent_
Name
_5522 SHIREWICK LANE_
Number          Street
_LITHONIA        GA      30058_
City            State           Zip

Phone No. _678 699 4343_ Home

Phone No. _678 6995340_ Office

Defendant's Signature

_bk.dent@yahoo.com_



**DEPARTMENT OF VETERANS AFFAIRS**
**810 Vermont Ave NW**
**Washington, D.C. 20420**

March 06, 2020

Keith Norvall Dent
5522 Shirewick Ln
Lithonia, GA 30058

In Reply Refer to:

███████████

27/eBenefits

Dear Mr. Dent:

This letter is a summary of benefits you currently receive from the Department of Veterans Affairs (VA). We are providing this letter to disabled Veterans to use in applying for benefits such as state or local property or vehicle tax relief, civil service preference, to obtain housing entitlements, free or reduced state park annual memberships, or any other program or entitlement in which verification of VA benefits is required. Please safeguard this important document. This letter is considered an official record of your VA entitlement.

Our records contain the following information:

## Personal Claim Information

Your VA claim number is: xxx-xx-7186

You are the Veteran.

## Military Information

Your most recent, verified periods of service (up to three) include:

| Branch of Service | Character of Service | Entered Active Duty | Released/Discharged |
|---|---|---|---|
| Army | Under Honorable Conditions | May 13, 1982 | December 12, 1984 |

(There may be additional periods of service not listed above.)

## VA Benefit Information

| | |
|---|---|
| You have one or more service-connected disabilities: | Yes |
| Your combined service-connected evaluation is: | 100% |
| Your current monthly award amount is: |  |
| The effective date of the last change to your current award was: | December 01, 2019 |
| You are considered to be totally and permanently disabled due solely to your service-connected disabilities: | Yes |
| The effective date of when you became totally and permanently disabled due to your service-connected disabilities: | November 21, 2012 |
| You are in receipt of special monthly compensation due to the type and severity of your service-connected disabilities: | Yes |

You should contact your state or local office of Veterans' affairs for information on any tax, license, or fee-related benefits for which you may be eligible. State offices of Veterans' affairs are available at http://www.va.gov/statedva.htm.

## How You Can Contact Us

CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD SAFEGUARD IT

ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

| DD | FORM 1 JUL 79 | 214 | PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE. | CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY |
|----|----|----|----|----|

| 1. NAME (Last, first, middle) DENT KEITH NORVALL | 2. DEPARTMENT, COMPONENT AND BRANCH ARMY–RA | 3. SOCIAL SECURITY NO. |
|---|---|---|

ATLANTA

| 4a. GRADE, RATE OR RANK PFC | 4b. PAY GRADE E3 | 5. DATE OF BIRTH 610307 | 6. PLACE OF ENTRY INTO ACTIVE DUTY GEORGIA 30309 |
|---|---|---|---|

| 7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND BN 187TH INF FC REP PAN | 8. STATION WHERE SEPARATED FT JACKSON, SC 29207 |
|---|---|

CO A 1ST
NA

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE AMOUNT $ 35 ,000 | NONE |
|---|---|---|

| 11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY (Additional specialty numbers and titles involving periods of one or more years) 1 1B10 INFANTRYMAN 02 YEARS, 04 MONTHS, | 12. RECORD OF SERVICE | YEAR(s) | MON(s) | DAY(s) |
|---|---|---|---|---|
| | a. Date Entered AD This Period | 82 | 05 | 13 |
| | b. Separation Date This Period | 84 | 12 | 12 |
| | c. Net Active Service This Period | 02 | 07 | 00 |
| | d. Total Prior Active Service | 00 | 00 | 00 |
| | e. Total Prior Inactive Service | 00 | 00 | 05 |
| | f. Foreign Service | 01 | 00 | 19 |
| | g. Sea Service | 00 | 00 | 00 |
| | h. Effective Date of Pay Grade | 84 | 04 | 13 |
| | i. Reserve Oblig. Term. Date | 00 | 00 | 00 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) |
|---|
| ARMY SERVICE RIBBON//SHARPSHOOTER BADGE WITH M16 RIFLE BAR//SHARPSHOOTER BADGE WITH HAND GRENADE BAR// |

| 14. MILITARY EDUCATION (Course Title, number weeks, and month and year completed) |
|---|
| NONE |

| 15. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | YES | X NO | 16. HIGH SCHOOL GRADUATE OR EQUIVALENT X YES | NO | 17. DAYS ACCRUED LEAVE PAID 12 |
|---|---|---|---|---|---|

| 18. REMARKS |
|---|
| DENTAL CARE WAS NOT PROVIDED WITHIN 90 DAYS PRIOR TO SEPARATION NOTHING FOLLOWS |

| 19. MAILING ADDRESS AFTER SEPARATION 5833 GLENEDEN DR COLUMBUS GEORGIA 31907 | 20. MEMBER REQUESTS COPY 6 BE SENT TO CA DIR. OF VET AFFAIRS X YES NO |
|---|---|

| 21. SIGNATURE OF MEMBER BEING SEPARATED *Keith Dent* | 22. TYPED NAME, GRADE, TITLE AND SIGNATURE OF OFFICIAL AUTHORIZED TO SIGN KEN B. REMPPEL, CPT, AGC ASST. ADJUTANT |
|---|---|

### SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION DISCHARGE | 24. CHARACTER OF SERVICE (Includes upgrades) UNDER HONORABLE CONDITIONS |
|---|---|

| 25. SEPARATION AUTHORITY AR 635-200 CHAP 13 | 26. SEPARATION CODE JHJ | 27. REENLISTMENT CODE RE 3 |
|---|---|---|

| 28. NARRATIVE REASON FOR SEPARATION UNSATISFACTORY PERFORMANCE |
|---|

| 29. DATES OF TIME LOST DURING THIS PERIOD NONE | 30. MEMBER REQUESTS COPY 4 |
|---|---|

INITIALS KD

SERVICE - 2

RECORD ID

STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA



DO NOT WRITE IN THIS SPACE

RECEIVED
2022 FEB -4  PM 12: 48
CIVIL DIV.
G.C.S.O.

| Clark R. Karell, Jr. |
| Karell Trial Attorneys, L.L.C. |
| 3344 Peachtree Road, NE, Suite 800 |
| Atlanta, Georgia 30326 |

**Attorney or Plaintiff Name and Address**

CAFN: 22A00338

Sandy Nguyen                    VS.

H&M Hennes & Mauritz LP
c/o Corporation Service Company
2 Sun Court Suite 400
Peachtree Corners, GA 30092

_____
**Name and Address of PLAINTIFF**

**Name and Address of DEFENDANT**

## MARSHALL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, GWINNETT COUNTY
I have this day served the defendant(s) _____
_____ personally with a copy of the within action and summons.

This_____day of_____,_____.
_____
**DEPUTY MARSHAL**

**NOTORIOUS**

GEORGIA, GWINNETT COUNTY
I have this day served the defendant(s) _____
By leaving a copy of the action and summons at his/their most notorious place of abode in said County.
Delivered same in hands of_____, a _____

_____ described as follows:

Age, about_____years; weight, about_____lbs; height, about_____ft._____in.,

Domiciled at the residence of the defendant(s).

This_____day of_____,_____.
_____
**DEPUTY MARSHAL**

**CORPORATION**

GEORGIA, GWINNETT COUNTY
Served the defendant_____ H&M Hennes & Mauritz LP ___a corporation, by leaving a copy
of the within action and summons with_____ Aisha Smith ___in charge of the office and doing
business of said corporation, in Fulton County, Georgia.

This___7___day of___February___,___2022___.   M.E. Jr. 20 Res
_____
**DEPUTY MARSHAL**

**BETTER ADDRESS**

GEORGIA, GWINNETT COUNTY

Diligent search made and the defendant(s):

_____

Not to be found in the jurisdiction of said Court for the following reason:
_____

**NON-EST**

Please furnish this office with a new service form with the correct address.

This_____day of_____,_____.
_____
**DEPUTY MARSHAL**



# STATE COURT OF DeKALB COUNTY
## STATE OF GEORGIA

DO NOT WRITE IN THIS SPACE

| |
|---|
| Clark R. Karell, Jr. |
| Karell Trial Attorneys, L.L.C. |
| 3344 Peachtree Road, NE, Suite 800 |
| Atlanta, Georgia 30326 |

**Attorney or Plaintiff Name and Address**

Sandy Nguyen

RECEIVED FEB 10 2022 DEKALB DEPUTY MARSHAL'S OFFICE

**Name and Address of PLAINTIFF**

CAFN: 22A00338 -4

Keith Dent
5522 Shirewick Lane
Lithonia, GA 30058

**Name and Address of DEFENDANT**

## MARSHALL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, DEKALB COUNTY
I have this day served the defendant(s) ___Keith Dent___
_____ personally with a copy of the within action and summons.
This __22nd__ day of __February__ __2022__. __J. Velez #724__
                                                                DEPUTY MARSHAL 1352

**NOTORIOUS**

GEORGIA, DEKALB COUNTY
I have this day served the defendant(s) _____
By leaving a copy of the action and summons at his/their most notorious place of abode in said County.
Delivered same in hands of_____, a _____
_____ described as follows:

Age, about_____years; weight, about_____lbs; height, about_____ft._____in.,

Domiciled at the residence of the defendant(s).

This_____day of_____,_____.
                                                                DEPUTY MARSHAL

**CORPORATION**

GEORGIA, DEKALB COUNTY
Served the defendant_____, a corporation, by leaving a copy
of the within action and summons with_____in charge of the office and doing
business of said corporation, in Fulton County, Georgia.

This_____day of_____,_____.
                                                                DEPUTY MARSHAL

**BETTER ADDRESS**

GEORGIA, DEKALB COUNTY

Diligent search made and the defendant(s):

Not to be found in the jurisdiction of said Court for the following reason:
_____
_____

**NON-EST**

Please furnish this office with a new service form with the correct address.

This_____day of_____,_____.
                                                                DEPUTY MARSHAL

22SCIV167389

mbgay